**BURTON NOBIL & COMPANY, Appellee,**

v.

**ACME STEAK COMPANY, INC., Appellant.**

[Cite as *Burton Nobil & Co. v. Acme Steak Co., Inc.* (1996), 115 Ohio App.3d 209.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 108.

Decided Nov. 19, 1996.

*Stuart A. Strasfeld,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Mahoning County Court No. 4, Austintown, Ohio, granting judgment in favor of plaintiff-appellee, Burton Nobil & Company, in the amount of $184.80, plus interest and costs.

At the outset we note that appellee has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.

Defendant-appellant, Acme Steak Company, Inc., is an Ohio corporation engaged in the business of selling food and food products at wholesale prices. Appellant ordered one hundred twelve cases of sauerkraut from appellee at the price of $9.10 per case. Appellant argues that the parties established no agreement with regards to the payment of freight charges. Appellant states that after delivery of its order, the first invoice which it received was billed at an incorrect price. Thereafter, appellant received an invoice from appellee which billed the order at $10.75 per case, thereby including the freight charges. Appellant paid to appellee the amount charged less the freight charges.

As a result of appellant's failure to pay freight charges, appellee filed a small claims complaint with the trial court on March 2, 1995, attaching the invoice from Flanagan Brothers, Inc. and praying for judgment in the amount of $184.80. Appellant's representative appeared at the hearing held on appellee's complaint and informed the trial court that appellant had not agreed to pay for freight charges on the order. On April 13, 1995, the trial court entered its decision on the record, granting judgment in favor of appellee in the amount of $184.80, plus interest and costs.

Appellant's sole assignment of error on appeal alleges:

"Plaintiff failed to meet its burden of proof."

Appellant cites *Dykeman v. Johnson* (1910), 83 Ohio St. 126, 93 N.E. 626, wherein the Ohio Supreme Court held that the burden rests upon a plaintiff to establish every element of its case. Appellee offered *no* evidence whatsoever to indicate that appellant knew about or agreed to pay the freight charges on the order.

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 638 N.E.2d 533.

Although appellant filed a praecipe for transcript of proceedings, no transcript of the hearing before the trial court was provided to this court for review on appeal, as apparently one did not exist. Since appellee failed to file a brief, pursuant to App.R. 18(C), we may accept appellant's statement of the facts and of the case as being accurate. A thorough review of the record herein reveals that appellee offered only the invoice from Flanagan Brothers, Inc. as documentary evidence to prove the substance of the agreement between the parties. Additionally, the record reflects that no evidence was presented to indicate that a prior course of dealing had been established between the parties from which the trial court could have reasonably inferred that appellant agreed to pay for the freight charges on the order. Therefore, we find that the trial court's judgment was not supported by competent, credible evidence going to all the essential elements of appellee's case.

Appellant's sole assignment of error is found to have merit.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with the law and consistent with this opinion.

*Judgment accordingly.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.